EASTERN DIST.
*May*, 1837.

HOEY ET AL.
*vs.*
TWOGOOD.

HOEY ET AL. *vs.* TWOGOOD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where one partner dies, and a curator is appointed, who sues for a settlement of the partnership concerns, a third person cannot be even provisionally appointed to collect the debts of the firm. The curator of the deceased partner's estate should be appointed.

No new evidence can be received on a motion for a new trial, which was not offered before the return of the verdict of the jury.

This is an action instituted by Nicholas Hoey, on behalf of the late firm of Wiley & Cunningham, to recover from the defendant the sum of six thousand one hundred and eighty-two dollars, the balance of an account annexed, which he alleges is due to said firm.

The defendant excepted to the authority of the petitioner to sue, and averred that he showed no legal right whatever. He further answered, and denied that he owed the items in the balance of account sued on, having paid them at different times, and further pleaded the prescription of one year.

Upon these pleadings and issues the parties went to trial. The material facts on which the case turned are stated in the following opinion of the court.

The case was submitted to a jury, who returned a verdict for the plaintiff in the sum of four thousand four hundred and sixty-six dollars and twenty-one cents.   From judgment rendered thereon, the defendant appealed.

*Buchanan* and *Roselius*, for the plaintiff.

*Preston, contra.*

*Carleton, J.,* delivered the opinion of the court.

The petitioner sues for the balance of an account due the late partnership of Wiley & Cunningham, for materials furnished and work done for the defendant, and avers that the firm was dissolved by the death of James Cunningham, one of the partners ; that the business was afterwards conducted by the surviving partners up to date, when a suit was commenced by a curator of the deceased partner, for a settlement of their concerns; that the petitioner was provisionally appointed by the Parish Court to collect the debts due the firm, whereupon he has brought this action.

The defendant's counsel excepted to the sufficiency of plaintiff's power to sue, and prayed for the dismissal of his petition.   The exception having been overruled, defendant filed his answer, and plead the general issue, payment and prescription.

At the trial before a jury, defendant offered in evidence the petition in the case of Patrick Cunningham, curator of Joseph Cunningham *vs.* John Wiley and Peter Cunningham, in the Parish Court, and the order of that court thereon, with a view to show that Hoey had no authority to institute this suit.   The court rejected the evidence, and defendant took his bill of exceptions, annexing thereto a copy of the petition and order of the parish judge.

In that petition the curator prays that he may be appointed by the court to make collections due the firm, upon which

EASTERN DIST.
May, 1837.

HOEY ET AL.
vs.
TWOGOOD.

the court ordered as follows : " Let the petitioner, represented by his attorney in fact, be authorized to collect any debts due to the late firm of Wiley & Cunningham, on said petitioner entering into bond with N. Hoey, in his personal capacity as security, in the sum of two thousand dollars, conditioned to keep the money collected subject to the order of the court.

The jury gave a verdict for the plaintiff in the sum of four thousand four hundred and sixty-six dollars and twenty-one cents.

On the 23d March, pending the motion for a new trial, the plaintiff filed the following document :

" We, the undersigned, surviving partners of the late firm of Wiley & Cunningham, do hereby declare, that we have authorized the institution of this suit, and recognize, so far as our interests are concerned, the validity of the proceedings.

(Signed)      " PETER CUNNINGHAM,
(Signed)      " JOHN WILEY.
" NEW-ORLEANS, 14th MARCH, 1836."

The defendant's counsel objected to the filing of this document, but was overruled by the court.

A new trial having been refused, the court, on the 9th of April, rendered judgment in pursuance of the verdict of the jury. The defendant appealed.

Our attention is first drawn to the exception taken to the plaintiff's right to institute this suit. At the trial of the exception, he does not appear to have exhibited any authority whatever to that effect. It was not until the jury was sworn, that defendant's counsel produced the order from the Parish Court, which the plaintiff, in his petition, had declared to be the basis of his authority to act ; and in the argument before this court, both parties relied upon their respective interpretations of this document.

We think with the defendant's counsel, that the person authorized to sue by the parish judge, is Peter Cunningham, the curator, and not Nicholas Hoey.

Where one partner dies, and a curator is appointed, who sues for a settlement of the partnership concerns, a third person cannot be even provisionally appointed to collect the debts of the firm. The curator of the deceased partner's estate should be appointed.

EASTERN DIST.
*May*, 1837.

No new evidence can be received on a motion for a new trial, which was not offered before the return of the verdict of the jury.

But plaintiff's counsel insists that the objection is removed by the ratification of his authority, contained in the foregoing order or document, filed the 23d March, several days after the verdict of the jury was rendered. Without inquiring whether the surviving partners, who had been themselves enjoined from the collection of the debts, could authorize another person to do it, or whether the Parish Court had the right to confer such authority at all, it is plain that the ratification came too late ; and it is our duty to render such judgment as the judge below ought to have rendered at the trial of the exception, and we think he erred in not dismissing the petition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed ; that the verdict of the jury be set aside, and that the plaintiff's petition be dismissed, with costs in both courts.